[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR DEFICIENCY JUDGMENT
The issue raised by the defendants, Elio and Paul Capuano, CT Page 6603 in this motion is their right to contest the amount of the debt (previously found by the court at the time of entry of judgment of strict foreclosure) at the deficiency judgment hearing.
In the usual course of events, the debt in a foreclosure action is found at the time of the entry of judgment and is not "reproved at the time of entry of a deficiency judgment." General Statutes 49-14(a), Practice Book 528 state:
 at such [deficiency] hearing the court shall hear the evidence, establish a valuation for the mortgaged property and shall render judgment for the plaintiff for the difference, if any, between such valuation and the plaintiff's claim.
 No further affidavit of debt is required at such deficiency hearing. The trial court is entitled to rely on the determination of debt in the mortgage foreclosure action.
New Haven Savings Bank v. West Haven Sound Development,190 Conn. 60, 72 n. 13 (1983). See also, Caron, Connecticut Foreclosures, P. 160.
The issue in this case, however, is simplified because the defendants in their disclosure of defense (dated February 6, 1992) specifically reserved the right to contest the amount of the debt as to any deficiency.
The record does not reveal that either the plaintiff or the court objected to this reservation and proceeded to enter judgment notwithstanding.
Although it would appear to this court that it would be procedurally improper to contest the amount of the debt after judgment has been entered without objection to it, that is not the case here.
Accordingly, these defendants may contest the amount of the debt at a deficiency hearing and may offer evidence in support of their claim which it should file as an "objection to the plaintiff's motion for deficiency" or by a brief statement of their claim so as to give the plaintiff sufficient notice of this defense. Such filing shall be within 10 days of the filing of this memorandum.
The matter is set down for oral argument on August 4, 1992 at 10:00 A.M.
All previous orders entered on plaintiff's motion for CT Page 6604 deficiency judgment are vacated without prejudice pending further order of this court.
Freed, J.